RUSSO ROOFING, INC. *v.* NAOMI ROTTMAN
(AC 24044)

Lavery, C. J., and McLachlan and Berdon, Js.

Argued April 28, 2004—officially released January 11, 2005

*Gregory P. Lynch*, with whom, on the brief, was *J. Kevin Golger*, for the appellant-appellee (defendant).

*Bernard Pellegrino*, for the appellee-appellant (plaintiff).

*Opinion*

BERDON, J. These appeals stem from the trial court's judgment of strict foreclosure of a mechanic's lien, which the plaintiff, Russo Roofing, Inc., filed on the property of the defendant, Naomi Rottman. On appeal, the defendant claims that the court failed to award her

(1) compensation on her counterclaim for damage to the interior of her home and (2) attorney's fees. On cross appeal, the plaintiff claims that the court improperly denied its claim for attorney's fees pursuant to General Statutes § 52-249.[1] We agree with the claims raised by both parties and reverse the judgment of the trial court in part.

The court found the following facts. On September 11, 2000, the parties entered into a written contract in which the plaintiff agreed to replace the roofs on the defendant's house and garage for the sum of $18,000. While the work was in progress, the defendant orally agreed to pay the plaintiff an additional $1040 for the replacement of additional underlying plywood. When the work was completed, the defendant gave the plaintiff a check for $18,000. The defendant withheld $1040 to ensure payment to her neighbor for the ice and water shields the plaintiff borrowed to complete the work on her roofs. Rain fell the day after the roofs were completed. Due to the improper installation of the roof, a substantial amount of water entered the defendant's house. The defendant stopped payment on the check that she had given to the plaintiff.

The plaintiff subsequently filed a mechanic's lien on the defendant's property, seeking the $19,040 it claims to be the value of the materials and labor it furnished. The plaintiff then brought this action, seeking to foreclose the mechanic's lien. The defendant filed an answer, special defenses and a two count counterclaim, alleging that she was harmed because (1) the plaintiff's work was improperly performed and (2) as a result of the faulty work, the interior of her house was damaged. The parties agreed to have the court first decide the issues of liability and damages. The court would then decide the issues of attorney's fees and foreclosure.

[1] See footnote 3.

In the first of two memoranda of decision, the court initially found that the contract price of $18,000, along with the oral agreement between the parties for an additional $1040, was the maximum that the plaintiff could recover under the mechanic's lien.[2] The court then found that the repair work that needed to be done on the defendant's roofs was due to the "unworkmanlike manner in which the plaintiff replaced the roof." On the basis of the testimony of the defendant's expert witness, the court found that the reasonable cost to repair or replace the roof was $15,974. The court awarded a net sum of $3066 to the plaintiff, which represented the difference between $19,040, the amount that the defendant agreed to pay the plaintiff for replacing the roof, and $15,974, the cost to repair the plaintiff's work. The court did not award the defendant any compensation for the damage to the interior of her house because it ruled that her claim was pleaded improperly in the counterclaim.

At the bifurcated trial, the plaintiff claimed that it was entitled to attorney's fees pursuant to § 52-249[3] and that if the defendant was awarded attorney's fees, such an award would be governed by General Statutes § 42-150bb.[4] The defendant agreed that the amount of her

[2] General Statutes § 49-36 (a) provides: "No mechanic's lien may attach to any building or its appurtenances, or to the land on which the same stands, or any lot, or any plot of land, in favor of any person, to a greater amount in the whole than the price which the owner agreed to pay for the building and its appurtenances or the development of any such lot, or the development of any such plot of land."

[3] General Statutes § 52-249 (a) provides in relevant part: "The plaintiff in any action of foreclosure of a mortgage or lien, upon obtaining judgment of foreclosure, when there has been a hearing as to the form of judgment or the limitation of time for redemption, shall be allowed the same costs, including a reasonable attorney's fee, as if there had been a hearing on an issue of fact. . . ."

[4] General Statutes § 42-150bb provides in relevant part: "Whenever any contract . . . entered into on or after October 1, 1979, to which a consumer is a party, provides for the attorney's fee of the commercial party to be paid by the consumer, an attorney's fees shall be awarded as a matter of law to the consumer who successfully prosecutes or defends an action or a

attorney's fees should be governed by § 42-150bb. The defendant, however, claimed that § 52-249 did not apply to the plaintiff and that an award of attorney's fees to the plaintiff should be governed by General Statutes § 42-150aa.[5]

In its second memorandum of decision, the court ruled that § 42-150aa controlled the plaintiff's recovery of attorney's fees and awarded the plaintiff $459.90. The court then determined that § 42-150bb controlled the defendant's recovery of attorney's fees, but because the defendant had failed to prosecute her counterclaim successfully, she was not entitled to any recovery. These appeals followed.

I

The defendant first claims that the court improperly failed to award her compensation on her counterclaim for the damage to the interior of her house because such damage was not alleged in her counterclaim. We agree.

The court, while acknowledging that the plaintiff did not object to the introduction of the evidence concerning the damage to the interior of the defendant's house, ruled that it was not awarding the defendant compensation for the damage because "[n]owhere in the defendant's answer, special defenses or counterclaims has any interior damage to the structure been pleaded."

counterclaim based upon the contract . . . . Except as herein provided, the size of the attorney's fee awarded to the consumer shall be based as far as practicable upon the terms governing the size of the fee for the commercial party. . . . The provisions of this section shall apply only to contracts . . . in which the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes."

[5] General Statutes § 42-150aa (b) provides: "If a lawsuit in which money damages are claimed is commenced by an attorney who is not a salaried employee of the holder of a contract or lease subject to the provisions of this section, such holder may receive or collect attorney's fees, if not otherwise prohibited by law, of not more than fifteen per cent of the amount of any judgment which is entered."

Therefore, the court concluded that the plaintiff was not on notice that the defendant was claiming that the water that entered her house had damaged the interior of the house.

It is clear that the defendant's counterclaim sought compensation for the damage to the interior of her house. Therefore, the court improperly found that the defendant's counterclaim did not put the plaintiff on notice that she was seeking compensation for the damage to the interior of her house.

"[T]he interpretation of pleadings is always a question of law for the court . . . ." (Internal quotation marks omitted.) *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, 265 Conn. 79, 104, 828 A.2d 31 (2003). Therefore, our review of the trial court's interpretation of the pleadings is plenary. Id.

"The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . *Beaudoin* v. *Town Oil Co.*, 207 Conn. 575, 587–88, 542 A.2d 1124 (1988), and cases cited therein. Although essential allegations may not be supplied by conjecture or remote implication; *Cahill* v. *Board of Education*, [198 Conn. 229, 236, 502 A.2d 410 (1985)] the [counterclaim] must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. *Price* v. *Bouteiller*, 79 Conn. 255, 257, 64 A. 227 (1906). As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the [counterclaim] is insufficient to allow recovery." (Internal quotation marks omitted.) *Travelers Ins. Co.* v. *Namerow*, 261 Conn. 784, 795, 807 A.2d 467 (2002).

The court found that although the defendant pleaded that water entered her house, "the counterclaims only provide that [a]s a result of the aforesaid, the defendant has been required to procure the services of other workmen to temporarily repair the roof, and will be required in the future to further repair and/or replace the work performed by [the] plaintiff. As a result of the aforesaid, [the] defendant has been damaged." The court, therefore, found that the pleading did not allege damage to the interior of the defendant's house. That reading of the defendant's counterclaim is unduly narrow.

In construing the allegations liberally, as we must, a broad and realistic interpretation of the defendant's counterclaim, read in its entirety, put the plaintiff on notice that the defendant was seeking compensation for the damage to the interior of her house. Paragraph six of the second count of the defendant's counterclaim states: "At that time, [the] defendant discovered water cascading down the first floor center stairway (of a three-story house), and upon further inspection discovered other areas where water was flowing into the house." Paragraph seven states: "The infiltration of water into the house would not have occurred if [the] plaintiff had properly installed the new roof." Finally, paragraph nine of the second count of the defendant's counterclaim states: "As a result of the aforesaid, [the] defendant has been damaged." Reading paragraphs six, seven and nine of the second count of the counterclaim together, we conclude that the counterclaim clearly alleged that the defendant was seeking compensation for the damage to the interior of her house. Therefore, the plaintiff was on notice of the defendant's claim of compensation for the damage to the interior of her house. Accordingly, because the defendant's counterclaim, when read as a whole, cannot be said to have caused the plaintiff surprise or prejudice, the court's decision not to address the counterclaim was

improper.[6] On remand, the court should calculate the additional amount of damages owed to the defendant.

## II

The defendant next claims that the court failed to award her attorney's fees on her counterclaim. We agree.

The defendant sought to recover attorney's fees pursuant to § 42-150bb. The court found that the defendant was not entitled to any attorney's fees under § 42-150bb because "the defendant did not successfully prosecute her counterclaim or defend an action based upon the contract." The court's ruling was based on its earlier ruling that the defendant owed the plaintiff $3066 under the contract.

"The common law rule in Connecticut, also known as the American Rule, is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception." (Internal quotation marks omitted.) *Ames* v. *Commissioner of Motor Vehicles*, 267 Conn. 524, 532, 839 A.2d 1250 (2004). Section 42-150bb, however, provides in relevant part that whenever a contract "to which a consumer is a party, provides for the attorney's

---

[6] Furthermore, the plaintiff's failure to object to the offer of evidence by the defendant also would be dispositive of the defendant's claim. As the court noted in its memorandum of decision, the plaintiff never objected during the trial as to the adequacy of the defendant's counterclaim or the admissibility of the evidence regarding the damage to the interior of the defendant's house because it was not properly pleaded. "[T]he proper way to attack a variance between pleadings and proof is by objection at the trial to the admissibility of that evidence which varies from the pleadings, and failure to do so at the trial constitutes a waiver of any objection to such variance." (Internal quotation marks omitted.) *Tedesco* v. *Stamford*, 215 Conn. 450, 461, 576 A.2d 1273 (1990), on remand, 24 Conn. App. 377, 588 A.2d 656 (1991), rev'd, 222 Conn. 233, 610 A.2d 574 (1992). Because the plaintiff never raised an objection as to a variance between the pleadings and the evidence, any insufficiency in the pleading was waived, and the court should have addressed the defendant's counterclaim.

fee of the commercial party to be paid by the consumer, an attorney's fee *shall* be awarded as a matter of law to the consumer who successfully prosecutes or defends an action or a counterclaim . . . ." (Emphasis added.) The defendant successfully prosecuted her counterclaim, and the court awarded her damages in the amount of $15,974. The court, therefore, improperly failed to award the defendant attorney's fees under § 42-150bb based on her counterclaim.

## III

In its cross appeal, the plaintiff claims that the court improperly denied its claim for attorney's fees pursuant to § 52-249. We agree.

The court rejected the plaintiff's claim that it was entitled to attorney's fees pursuant to § 52-249. The court stated that because the contract provided for the payment of attorney's fees, it did not have to address the applicability of § 52-249.[7] Thereafter, relying on our Supreme Court's decision in *Rizzo Pool Co.* v. *Del Grosso*, 240 Conn. 58, 689 A.2d 1097 (1997), the trial court awarded the plaintiff, pursuant to § 42-150aa (b), $459.90 in attorney's fees, 15 percent of the amount the defendant owed the plaintiff.[8]

"The question of whether a particular statute . . . applies to a given state of facts is a question of statutory interpretation . . . . Statutory interpretation presents a question of law for the court. . . . Our review is, therefore, plenary." (Citation omitted; internal quotation marks omitted.) *Original Grasso Construction Co.*

---

[7] Under the terms of the contract, the defendant agreed to "pay all accrued interest, collection costs and *reasonable attorney fees* in the event of nonpayment of this contract." (Emphasis added.)

[8] In *Rizzo Pool Co.* v. *Del Grosso*, supra, 240 Conn. 77 n.18, our Supreme Court stated: "[W]henever there is an attorney's fees clause in the commercial party's contract, that clause is subject to [General Statutes] § 42-150aa, and the contract must be read as incorporating that provision's 15 percent limitation."

v. *Shepherd*, 70 Conn. App. 404, 418, 799 A.2d 1083, cert. denied, 261 Conn. 932, 806 A.2d 1065 (2002).

Section 42-150aa (b), which applies to attorney's fees in actions based on consumer contracts, provides in relevant part: "If a lawsuit in which money damages are claimed is commenced by an attorney who is not a salaried employee of the holder of a contract . . . such holder may receive or collect attorney's fees, if not otherwise prohibited by law, of *not more than fifteen per cent of the amount of any judgment which is entered.*" (Emphasis added.) In this case, the plaintiff's attorney, who was not a salaried employee, initiated the underlying proceedings. Accordingly, under § 42-150aa (b), the plaintiff's recovery of attorney's fees was limited to 15 percent of the amount of the judgment entered.

Section 52-249 (a), however, which applies to an action of foreclosure of a lien, "mandates that the plaintiff in a foreclosure action shall be allowed reasonable attorney's fees when there has been a hearing as to the form of judgment during the foreclosure action." (Internal quotation marks omitted.) Id., 419. Accordingly, under § 52-249 (a), the plaintiff was entitled to reasonable attorney's fees on the foreclosure action.

A literal interpretation of §§ 42-150aa and 52-249 would award the plaintiff duplicate attorney's fees. That, however, is not this case. Attorney's fees under § 42-150aa would be for the contract aspects of the action, and attorney's fees under § 52-249 would be for the foreclosure aspects of the action. "[A] foreclosure action constitutes an equitable proceeding. . . . In an equitable proceeding, the trial court may examine all relevant factors to ensure that complete justice is done." (Internal quotation marks omitted.) *Moasser* v. *Becker*, 78 Conn. App. 305, 324, 828 A.2d 116, cert. denied, 266 Conn. 910, 832 A.2d 70 (2003). On remand,

therefore, the court should take into account the attorney's fees that it awards the plaintiff under § 42-150aa in fashioning its award of attorney's fees under § 52-249.

The judgment is reversed only as to the limitation on the defendant's damages and the award of attorney's fees, and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.