******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOSEPH W. KAMINSKY JR. *v.* COMMISSIONER
OF EMERGENCY SERVICES AND
PUBLIC PROTECTION ET AL.
(AC 40546)

Sheldon, Keller and Moll, Js.

*Syllabus*

The plaintiff brought this action against the defendant Commissioner of
Emergency Services and Public Protection, seeking a declaratory ruling
that certain firearms were improperly seized and withheld from him by
the defendant and, thus, that he was entitled to the return of those
firearms. The plaintiff never obtained a certificate of possession or
registered the three firearms at issue as assault weapons as required
by Connecticut law, and the sole basis of the defendant's refusal to
return the three firearms at issue was that they were never properly
registered as assault weapons. The plaintiff claimed that because the
subject firearms were manufactured prior to September 13, 1994, they
were exempt from the registration requirement under statute (§ 53-
202m). The trial court denied the plaintiff's request for a declaratory
ruling and rendered judgment for the defendant, from which the plaintiff
appealed to this court. On the basis of its interpretation of § 53-202m,
the trial court had concluded that the plaintiff's firearms were not legally
held by him because they were not exempt from the transfer or registra-
tion requirements for assault weapons. *Held* that the plaintiff's claim
that the trial court erred in denying his request for a declaratory judgment
was unavailing, the trial court having properly determined in a well
reasoned memorandum of decision that the plaintiff was required to
obtain a certificate of possession for certain of his assault weapons,
which he failed to do, and, thus, that the guns at issue were contraband
and not legally held by the plaintiff, who was not entitled to their return.

Argued December 3, 2018—officially released February 26, 2019

*Procedural History*

Action for a declaratory judgment to determine
whether certain firearms were improperly seized and
withheld from the plaintiff, and for other relief, brought
to the Superior Court in the judicial district of Tolland
and tried to the court, *Bright, J.*; judgment for the
named defendant, from which the plaintiff appealed to
this court. *Affirmed.*

*Rachel M. Baird*, for the appellant (plaintiff).

*James Belforti*, assistant attorney general, with
whom, on the brief, were *George Jepsen*, former attor-
ney general, and *Stephen R. Sarnoski*, assistant attorney
general, for the appellee (named defendant Commis-
sioner).

*Opinion*

SHELDON, J. The plaintiff, Joseph W. Kaminsky, Jr., appeals from the trial court's judgment, rendered after a trial without a jury, denying his request for a declaratory judgment holding that certain firearms were improperly seized and withheld from him by the defendant, the Commissioner of Emergency Services and Public Protection,[1] and thus that he is entitled to the return of those firearms.[2] On appeal, the plaintiff claims that the trial court erred in denying his request on the basis of its misinterpretation of the applicable statutory provisions. We affirm the judgment of the trial court.

The following procedural history and facts, as found by the trial court, are relevant to our disposition of this appeal. The plaintiff has been a collector and dealer of firearms licensed by the Bureau of Alcohol, Tobacco and Firearms (ATF) since 1988. While reviewing the plaintiff's application to renew his federal firearms license in 2011, the ATF discovered that he had a felony conviction in 1964 and, therefore, that he was ineligible to have such a license or to possess any firearms. The ATF contacted the Connecticut State Police to alert them that the plaintiff was likely in illegal possession of firearms. In December, 2011, after being notified by state and local police that he was ineligible to possess any firearms, the plaintiff surrendered fifty-nine firearms to authorities. Three of those firearms, a B-West Arms AK-47-type rifle (AK-47), a Group Industries Uzi submachine gun (Uzi), and a SWD Cobray-11 submachine gun (M-11), are at issue in this appeal.

The firearms in question were all manufactured, and thereafter acquired by the plaintiff, prior to September 13, 1994. The plaintiff properly registered the Uzi and the M-11 as machine guns under both state and federal law, but he neglected to register the AK-47 as a machine gun. The plaintiff also never obtained a certificate of possession or registered the three firearms as assault weapons as required by Connecticut law. The Uzi and the M-11 each have a "selective-fire" mode that allows them to be fired in either automatic or semiautomatic mode, and the AK-47 firearm is explicitly listed under General Statutes § 53-202a as an assault weapon.

On August 6, 2014, the plaintiff brought an action pursuant to General Statutes § 52-291 seeking a declaratory ruling that the three firearms at issue had been improperly seized and withheld from him and that he was entitled to their return. The sole basis for the defendant's refusal to return the three firearms was that they were never properly registered as assault weapons pursuant to Connecticut law.[3] During the two day trial beginning on August 23, 2016, the plaintiff argued, in relevant part, that because the three firearms in question were manufactured prior to September 13, 1994, they are exempt from any registration requirement

under General Statutes § 53-202m. The defendant disagreed, arguing that the plain language of § 53-202m exempts only specific categories of assault weapons from the registration requirement and that the plaintiff's firearms did not qualify for such exemptions, thereby making their possession without registration illegal and subjecting them to seizure and destruction as contraband. The court agreed with the defendant and, thus, ruled that the plaintiff was not entitled to the declaratory relief he requested. This appeal followed.

The plaintiff claims on appeal that the trial court erred in its interpretation of § 53-202m by finding that only certain assault weapons manufactured prior to September 13, 1994, are exempt from registration thereunder. The plaintiff argues that No. 13-220 of the 2013 Public Acts (P.A. 13-220), as codified in the current revision of § 53-202m, is ambiguous because it refers to and incorporates by reference certain preexisting statutory provisions that were no longer in force and effect when the statute was enacted. Therefore, the plaintiff urges us to consider extratextual evidence in the form of an October 11, 2013 letter from Reuben Bradford, the former Commissioner of Emergency Services and Public Protection, declaring that it was the intent of the legislature in passing § 11 of P.A. 13-220 to exclude all assault weapons manufactured before September 13, 1994, from the statute's transfer restrictions and registration requirements. We disagree with the plaintiff's interpretation of the applicable statutory provisions.

"Statutory interpretation presents a question of law for the court. . . . Our review is, therefore, plenary." (Internal quotation marks omitted.) *Russo Roofing, Inc.* v. *Rottman*, 86 Conn. App. 767, 775, 863 A.2d 713 (2005). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." *Dept. of Public Safety* v. *Freedom of Information Commission*, 298 Conn. 703, 720, 6 A.3d 763 (2010).

We begin our analysis by setting forth the relevant statutory language. General Statutes § 53-202c crimi-

nalizes the possession of an assault weapon unless otherwise permitted by General Statutes §§ 53-202a through 53-202k and 53-202o. "[A]ny property, the possession of which is prohibited by any provision of the general statutes" is considered contraband under General Statutes § 54-36a (a).

Section 53-202c (c) exempts those individuals who, prior to July 1, 1994, lawfully possessed an assault weapon prior to October 1, 1993, from its prohibition against the possession of such weapons if the person otherwise complies with §§ 53-202a through 53-202k. To comply with General Statutes § 53-202d, any person who lawfully possesses an assault weapon must obtain a certificate of possession from the Department of Emergency Services and Public Protection. However, § 53-202m provides: "Notwithstanding any provision of the general statutes, sections 53-202a to 53-202*l*, inclusive, shall not be construed to limit the transfer or require the registration of an assault weapon as defined in subdivision (3) or (4) of subsection (a) of section 53-202a of the general statutes, revision of 1958, revised to January 1, 2013, provided such firearm was legally manufactured prior to September 13, 1994."

We agree with the well reasoned decision of the trial court and thus adopt the following relevant portion of its memorandum of decision: "Section 53-202m, as amended, clearly limits the exemptions from transfer limitations and registration requirements to those assault weapons defined in subdivision (3) or (4) of subsection (a) of § 53-202a of the General Statutes, revision of 1958, revised to January 1, 2013. Based on this express language, one must look at the definitions of assault weapon in § 53-202a as that statute existed on January 1, 2013. Only those weapons that fall within subdivision (3) or (4) of subsection (a) are exempt from the registration requirement. Thus, the operative language is that adopted in Public Acts 2001, No. 130 § 1, the last revision of § 53-202a as of January 1, 2013. Under that statute, subdivision (3) of subsection (a) defines, in relevant part, an assault weapon as [a]ny semiautomatic firearm not listed in subdivision (1) of this subsection that meets the following criteria . . . . Thus, to fall within subdivision (3) or (4), the semiautomatic firearm, or part thereof, must not be listed in subdivision (1) of subsection (a).

"The problem for the plaintiff is that the Uzi, M-11, and AK-47 fall squarely within subdivision (1), which defines assault weapon as [a]ny selective-fire firearm capable of fully automatic, semiautomatic or burst fire at the option of the user or any of the following specified semiautomatic firearms . . . Avtomat Kalashnikov AK-47 type. P.A. 01-130. The Uzi and M-11 are selective-fire firearms capable of fully automatic or semiautomatic fire at the option of the user. The AK-47 is an AK-47 type firearm. Because these firearms are listed

either by name or feature in subdivision (1), by definition they cannot fall under subdivisions (3) and (4). Consequently they are not entitled to the exemption from registration set forth in § 53-202m, as amended. The fact that Commissioner Bradford reached a different conclusion does not change the court's analysis. An agency's interpretation is not entitled to deference if it is plainly inconsistent with the clear language of the statute. See *Med-Trans of Connecticut* v. *Dept. of Public Health & Addiction Services*, 242 Conn. 152, 168, 699 A.2d 142 (1997). That is the case here.

\*\*\*

"The law is clear in that the plaintiff was required to obtain a certificate of possession for the Uzi, M-11, and AK-47 as assault weapons. The plaintiff failed to do so from 1993 when the requirement was first enacted until 2011 when the guns were seized from him. The guns were thus not legally held by the plaintiff. They are contraband and the plaintiff is not entitled to their return." (Citation omitted; internal quotation marks omitted.) It would serve no useful purpose for this court to engage in any additional discussion. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010); *Samakaab* v. *Dept. of Social Services*, 178 Conn. App. 52, 54, 173 A.3d 1004 (2017).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The complaint named as an additional defendant the Chief of Coventry Police Department, Town of Coventry. The plaintiff withdrew the action as to that defendant. We refer to the Commissioner of Emergency Services and Public Protection as the defendant in this opinion.

[2] In particular, the plaintiff's petition requested that three of six firearms in the custody of the Connecticut State Police and twenty-four firearms of unknown location be returned to him. The trial court found that the plaintiff failed to prove the existence or location of the twenty-four firearms. The plaintiff does not address these firearms in his brief and, therefore, has abandoned any claim as to the twenty-four firearms on appeal. See *Solek* v. *Commissioner of Correction*, 107 Conn. App. 473, 476, 946 A.2d 239, cert. denied, 289 Conn. 902, 957 A.2d 873 (2008).

[3] In 2013, the plaintiff received a full pardon from the 1964 conviction and had all of his federal, state, and local firearms licenses and permits reinstated, thus rendering him otherwise eligible to possess certain firearms.