JOSE REYES ET AL. *v.* CITY OF BRIDGEPORT ET AL.
(AC 33239)

Robinson, Sheldon and Schaller, Js.

Argued January 3—officially released March 27, 2012

*W. Martyn Philpot, Jr.*, for the appellants (plaintiffs).

*John R. Mitola*, associate city attorney, for the appellees (named defendant et al.).

ROBINSON, J. The plaintiffs[1] appeal following the judgment of the trial court granting a motion for summary judgment in favor of the defendants, the city of Bridgeport (city), the board of police commissioners of the city (board) and Ralph H. Jacobs, the city's former civil service personnel director.[2] On appeal the plaintiffs contend that the trial court erred (1) in granting the defendants' motion for summary judgment and (2) in denying the plaintiffs' motion for reassignment after the court did not issue a decision on the defendants' motion for summary judgment within 120 days. We agree with the plaintiffs that the court erred in denying their motion for reassignment and, accordingly, reverse the trial court's judgment and remand the case for reassignment of the defendants' motion for summary judgment.[3]

The following facts and procedural history are relevant to the resolution of the plaintiffs' claim. The plaintiffs initiated the present action against the defendants based on allegations that they allowed five candidates to sit for a lieutenant's promotional examination in the city, although such candidates lacked the requisite time in grade[4] as sergeants to sit for the examination. The

[1] The plaintiffs are Jose Reyes, James Kirkland, Steven Lougal, Mark Straubel, Donald Jacques, Christine Burns, William Mayer, Vincent Ingrassia, Melody Pribesh and Kevin Gilleran, each of whom worked for the city of Bridgeport police department at the rank of sergeant.

[2] The Bridgeport Police Union, Council 15, Local 1159 and Lonnie Blackwell were also named as defendants in this case. Those defendants, however, were not parties to the motion for summary judgment and thus are not defendants in the present appeal. We therefore refer in this opinion to the city, the board and Jacobs as the defendants.

[3] Because we conclude that the court erred in denying the plaintiffs' motion for reassignment and reverse the judgment and remand the case on that basis, we need not address the court's conclusion on the motion for summary judgment.

[4] According to the plaintiffs' complaint, the applicable civil service rules require that to sit for a lieutenant's examination, a candidate must serve for one year as a sergeant before a vacancy in a lieutenant's position arises.

five disputed candidates at issue who were allowed to sit for the examination included two candidates who are African-American, one candidate who is Hispanic and two candidates who are Caucasian. The plaintiffs' third revised complaint consists of four counts. In the first count, the plaintiffs[5] allege that the defendants deprived them of due process of law and equal protection of the laws in violation of § 1983 of title 42 of the United States Code. The plaintiffs contend that they were forced to take the promotional examination with five individuals who were ineligible, two of whom were African-American, and that one of the African-American candidates was provided preferential treatment. In count two, the plaintiffs allege that the defendants violated their contractual rights under their union's collective bargaining agreement. In count three, the plaintiffs allege that the defendants violated their state constitutional rights. Lastly, in count four, the plaintiffs allege that the defendants intentionally inflicted emotional distress on them.

On June 1, 2010, the defendants filed a motion for summary judgment. A hearing on the motion was held before the court, *Levin, J.*, on September 7, 2010, at which the parties presented oral argument. The court then summoned the parties on December 21, 2010, to appear before the court on January 3, 2011. When the parties appeared before the court on January 3, 2011, the court apprised the parties as follows: "I noticed the reargument because given the size of the record, I do feel that I should read through the entire record . . . before I rule. I didn't know if I would be able to make it within the 120 days, so if either counsel wanted reargument, I want to give you that opportunity." Counsel

---

[5] The complaint sets forth that Jose Reyes is Caucasian of race and Hispanic of ethnicity and that the remaining plaintiffs are all Caucasian of race and white of color.

for both parties declined the opportunity for reargument. The plaintiffs' counsel then inquired whether the court had any questions with regard to the issues that the plaintiffs believed constituted genuine issues of material fact, to which the court answered in the negative. The proceeding was concluded without any additional argument or evidence presented. After the proceeding was concluded, another attorney involved with the case, entered the courtroom and engaged in a colloquy with the court about what had just transpired. In that colloquy, the court noted that the proceeding had been "an opportunity for additional argument . . . continued argument because I'm not going to . . . because of this telephone book I'm not going to make the 120 days, so I thought if counsel wanted to have the opportunity to reargue and also buy me some more time, that's why I set it down."

On January 11, 2011, the plaintiffs filed a motion for reassignment. The plaintiffs argued that because the motion for summary judgment had been argued on September 7, 2010, the 120 day filing deadline set forth in Practice Book § 11-19 (a) for filing the court's decision had expired on January 5, 2011, and as of that date, the court had not issued a decision. The defendants objected to the plaintiffs' motion for reassignment, and the court, *Hon. Edward H. Stodolink*, judge trial referee, sustained the defendants' objection on January 31, 2011. The plaintiffs filed a motion to reargue on February 9, 2011, which that court denied. On February 24, 2011, the court, *Levin, J.*, granted the defendants' motion for summary judgment on all counts of the plaintiffs' complaint. This appeal followed. Additional facts will be provided where necessary.

We first address the plaintiffs' contention that the court erred in denying their motion for reassignment. The plaintiffs contend that because oral argument on the defendants' motion for summary judgment occurred

on September 7, 2010, the court was required to issue its decision on the motion on or before January 5, 2011, to comply with the 120 day filing deadline set forth in Practice Book § 11-19. The defendants make two arguments in opposition to the plaintiffs' contention: (1) because the parties had been summoned to appear before the court on January 3, 2011, the court had been afforded an additional 120 days in which to issue its decision; and (2) even if the court was not afforded an additional 120 days in which to issue its decision, the actions of the plaintiffs' counsel on January 5, 2011, constituted a waiver of the 120 day time limitation.

Oral argument was held on the defendants' motion for summary judgment on September 7, 2010. Using this date as the date from which to measure 120 days under Practice Book § 11-19, the court was required to issue a decision on the defendants' motion on or before January 5, 2011. The defendants contend, however, that the court held another hearing on the motion for summary judgment on January 3, 2011, and thus afforded itself an additional 120 days within which to issue its decision. The first issue, then, is whether the proceeding on January 3, 2011, constituted a hearing that would allow for an additional 120 days under § 11-19.

We begin by considering the common, generally understood meaning of the term "hearing." "We consistently have acknowledged the definition of a hearing provided in Black's Law Dictionary, as [a] proceeding of relative formality . . . generally public, with definite issues of fact or of law to be tried, in which witnesses are heard and evidence presented, and in which parties to a dispute have a right to be heard." (Internal quotation marks omitted.) *Dietzel* v. *Planning Commission*, 60 Conn. App. 153, 160–61, 758 A.2d 906 (2000), citing Black's Law Dictionary (6th Ed. 1990). "Our Supreme Court has stated that [a] hearing can be a proceeding in the nature of a trial with the presentation of evidence,

it can be merely for the purpose of presenting arguments, or, of course, it can be a combination of the two. . . . Not only does a hearing normally connote an adversarial setting, but usually it can be said that it is any oral proceeding before a tribunal. . . . Our cases consistently recognize the generally adversarial nature of a proceeding considered a hearing, in which witnesses are heard and testimony is taken." (Internal quotation marks omitted.) *Dortenzio* v. *Freedom of Information Commission*, 48 Conn. App. 424, 434, 710 A.2d 801 (1998).

The court, on its own initiative, ordered the parties to appear on January 3, 2011, and asked if they would like an additional opportunity to provide argument on the motion for summary judgment. Both parties refused the opportunity to provide additional argument. The plaintiffs' counsel asked the court whether it had any questions concerning the issues that the plaintiffs believed constituted genuine issues of material fact to which the court responded in the negative. That was the extent of the January 3, 2011 proceeding. The defendants contend that because the parties appeared before the court, that is sufficient to constitute a hearing so as to warrant an additional 120 days. We disagree. There was no evidence presented to the court, and the parties did not provide any additional argument on the motion for summary judgment. There was nothing adversarial about the proceeding. We refuse to term something a "hearing" simply because the parties appeared in court. There must be some substantive element, such as the presentation of evidence or argument, in order to constitute a hearing. We thus conclude that the appearance of the parties before the court on January 3, 2011, did not constitute a hearing so as to allow the court an additional 120 days in which to issue its decision under Practice Book § 11-19.

The defendants also argue that the conduct of the plaintiffs' counsel at the January 3, 2011 proceeding constituted a waiver of the 120 day filing deadline. They contend that the plaintiffs' counsel knew that the court would not issue its decision by January 6, 2011, the day that the case was scheduled for jury selection. Because January 6, 2011, was one day after the 120 day time limitation had expired and the plaintiffs' counsel did not object to the court saying that it would not issue its decision before that time, the defendants contend that the plaintiffs waived the 120 day time limit.[6]

"Waiver is the intentional relinquishment or abandonment of a known right or privilege. . . . As a general rule, both statutory and constitutional rights and privileges may be waived. . . . Waiver is based upon a species of the principle of estoppel and where applicable

---

[6] In the defendants' brief, they argue that in response to the court's assertion that it would not issue a decision before January 6, 2011, the plaintiffs' counsel responded by stating, "[v]ery good, Your Honor."

The following colloquy occurred:

"[The Defendants' Counsel]: The only thing I would say, Your Honor, and I'm sure [the plaintiffs' counsel] wanted some clarity on this. I think we're supposed to be here on Thursday for—scheduled for jury selection. I don't know if we need to do anything with respect to your schedule or—

"The Court: I can't have anything—I'm not going to have anything ready on Thursday.

"[The Defendants' Counsel]: Okay.

"The Court: Okay.

"[The Defendants' Counsel]: I think the last time you spoke to Judge [Barbara N.] Bellis about it. I don't know if you want us to do it or if you Your Honor would like to do that.

"The Court: I'll make a note. I'll talk to her. Okay?

"[The Defendants' Counsel]: Thank you, Your Honor.

"[The Plaintiffs' Counsel]: *Very good, Your Honor.*" (Emphasis added.)

Upon examination of the transcript, it appears that the statement "[v]ery good, Your Honor" by the plaintiffs' counsel was in response to the court's assertion that it would speak to Judge Bellis about jury selection. Even if the plaintiffs' counsel was responding to the court's assertion that it would not issue a decision by January 6, 2011, that simple statement, without more, cannot be viewed as evidence of a waiver. We also note that there is an apparent error in the transcript indicating that the defendants' counsel was Attorney Ralph H. Jacobs, when in fact it was Attorney John R. Mitola.

it will be enforced as the estoppel would be enforced. . . . Estoppel has its roots in equity and stems from the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed . . . . Waiver does not have to be express, but may consist of acts or conduct from which waiver may be implied. . . . In other words, waiver may be inferred from the circumstances if it is reasonable to do so." (Internal quotation marks omitted.) *LPP Mortgage, Ltd.* v. *Lynch*, 122 Conn. App. 686, 697–98 1 A.3d 157 (2010).[7]

On the basis of our review of the transcript, we cannot conclude that the plaintiffs waived the 120 day time limitation. The plaintiffs' counsel did not demonstrate an intention to relinquish the plaintiffs' right to request a reassignment if the court failed to issue its decision within the requisite 120 days. Further, the plaintiffs could not take proper action on the court's failure to issue its decision within 120 days until that time had officially lapsed on January 5, 2011. When that condition occurred, the plaintiffs took the required step of filing a motion for reassignment on January 11, 2011. Accordingly, we conclude that the plaintiffs did not waive the 120 day time limitation set forth in Practice Book § 11-19.

The plaintiffs contend that if a party has not previously waived the 120 day filing deadline and timely files a motion for reassignment pursuant to Practice Book § 11-19, a court is required under that provision to grant the motion. The remaining issue then is whether § 11-19 requires the court to grant the motion if timely filed. We conclude that, absent waiver, it does.

---

[7] We note that there was no express waiver in this case. Neither party explicitly notified the court that they would be willing to waive the 120 day requirement.

"We interpret provisions of the Practice Book according to the same well settled principles of construction that we apply to the General Statutes. . . . In determining the meaning of a statute, [it] must be considered as a whole, with a view toward reconciling its separate parts in order to render a reasonable overall interpretation. . . . We presume that there is a purpose behind every sentence, clause, or phrase used in an act and that no part of a statute is superfluous." (Internal quotation marks omitted.) *Byars* v. *FedEx Ground Package System, Inc.*, 101 Conn. App. 44, 48, 920 A.2d 352 (2007).

Although Practice Book § 11-19 does not explicitly provide that a court is required to grant a motion for reassignment if properly and timely filed, we read the language of § 11-19 as evincing such an intent. Section 11-19 (a) provides that a judge "*shall* issue a decision on such matter not later than 120 days from the date of such submission, unless such time limit is waived by the parties."[8] (Emphasis added.) That subsection further provides that "[i]f a decision is not rendered within this period the matter may be claimed in accordance with subsection (b) for reassignment to another judge or referee." Practice Book § 11-19 (a). We read subsection (a) to provide that unless there is a waiver by the parties, a judge is required to issue a decision on a short calendar matter within 120 days, and if the judge fails to do so, that the matter must be reassigned at any party's request subject to that party's compliance with subsection (b). This reading is further supported by the language found in subsection (b). Section 11-19 (b) provides that "[a] party seeking to invoke the provisions of this section shall not later than fourteen

---

[8] "The usual rule . . . is that [t]he legislature's use of the word shall generally evidences an intent that the statute be interpreted as mandatory." (Internal quotation marks omitted.) *Stewart* v. *Tunxis Service Center*, 237 Conn. 71, 78, 676 A.2d 819 (1996).

days after the expiration of the 120 day period file with the clerk a motion for reassignment . . . . The failure of a party to file a timely motion for reassignment shall be deemed a waiver by that party of the 120 day time." If a party wants to invoke the right to have a matter reassigned, he or she must timely file a motion for reassignment. It is only if a party fails to do so, or otherwise waives the 120 day filing deadline, that he or she waives the right to have the matter reassigned. Practice Book § 11-19; see also *Irving* v. *Firehouse Associates, LLC*, 95 Conn. App. 713, 720–21, 898 A.2d 270, cert. denied, 280 Conn. 903, 907 A.2d 90 (2006). This reading necessarily implies that by timely filing a motion for reassignment, a party who has not waived the filing deadline is able to invoke his or her right to reassignment, which a court must then grant.

In the present matter, the plaintiffs timely filed a motion for reassignment pursuant to Practice Book § 11-19 (b). Once the plaintiffs did so, and absent a finding of waiver, the court was required to order that the matter be reassigned to another judge. We thus conclude that the court erred in denying the plaintiffs' motion for reassignment. Accordingly, we reverse the court's summary judgment in favor of the defendants.

The judgment is reversed and the case is remanded with direction to reassign the defendants' motion for summary judgment.

In this opinion the other judges concurred.