******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STRATEK PLASTICS, LIMITED *v.* JEAN PIERRE IBAR
(AC 39520)

Alvord, Keller and Beach, Js.

*Syllabus*

The plaintiff sought to foreclose a judgment lien on certain real property owned by the defendant. On the day evidence was scheduled to commence, the plaintiff's counsel requested to have fourteen premarked exhibits moved into evidence as full exhibits and informed the court that the parties had reached a number of stipulations, including the amount of the debt, that the plaintiff was entitled to reasonable attorney's fees in connection with the prosecution of the action in an amount to be determined, if necessary, at a later hearing before the court, that the plaintiff would be due an appraisal fee and that a judgment of strict foreclosure would enter in favor of the plaintiff. The parties did not stipulate to the fair market value of the subject property, which the court determined after an appraisal was entered into evidence. The court then rendered a judgment of strict foreclosure and set the law day in accordance with the stipulation. Thereafter, the plaintiff filed a motion for attorney's fees and costs pursuant to statute (§ 52-249 [a]) and an affidavit, which was accompanied by copies of billing records, biographies of the attorneys who had worked on the matter and a spreadsheet organizing the time entries from the billing records. After a hearing, the trial court granted the motion, finding that the plaintiff was entitled to reasonable attorney's fees and certain costs. On the defendant's appeal to this court, *held*:

1. The defendant could not prevail on his claim that the trial court erred in awarding the plaintiff attorney's fees pursuant to § 52-249 (a) because it did not conduct a hearing as to the form of judgment or the limitation of time for redemption, as required by the statute, that court having had the authority to award attorney's fees under the statute; the proceeding before the trial court constituted a hearing within the meaning of § 52-249 (a) and satisfied that statute's requirement that a hearing be held as to the form of the judgment, as exhibits were entered into evidence, counsel for both parties had the opportunity to address the court during the proceeding, and because the parties did not stipulate to the fair market value of the property, they submitted the question to the court, which made a factual finding as to the value of the property on the basis of the property appraisal submitted into evidence.

2. The defendant could not prevail on his claim that the trial court erred in awarding the plaintiff attorney's fees because, at the time of the foreclosure proceeding, the plaintiff failed to present a statement of the fees requested and a description of the services rendered, the defendant having waived that claim; his counsel expressly agreed during the subject proceeding to a consideration of the question of attorney's fees at a subsequent hearing, the parties' stipulation stated that the plaintiff was entitled to reasonable attorney's fees and that the amount of those fees would be determined, if necessary, at a later hearing before the court, and after the plaintiff's counsel had represented at the proceeding that he would present the amount of fees claimed at a later date, the defendant's counsel did not object, nor did he insist on a presentation at that time of the fees requested and a description of services rendered, and he further consented to the court's suggestion that the attorney's fees issue could be heard on a short calendar day if the parties were unable to resolve the matter themselves.

Argued November 15, 2017—officially released February 20, 2018

*Procedural History*

Action to foreclose a judgment lien on certain of the defendant's real property, and for other relief, brought to the Superior Court in the judicial district of New Haven, where the court, *Agati, J.*, rendered judgment

of strict foreclosure in accordance with the parties' stipulation; thereafter, the court granted the plaintiff's motion for attorney's fees, and the defendant appealed to this court. *Affirmed.*

*Jeffrey Hellman,* for the appellant (defendant).

*Thomas J. Rechen,* with whom were *Charles D. Ray,* and, on the brief, *James E. Regan,* for the appellee (plaintiff).

*Opinion*

ALVORD, J. In this action for the foreclosure of a judgment lien, the defendant, Jean Pierre Ibar, appeals from the judgment of the trial court granting the motion for attorney's fees filed by the plaintiff, Stratek Plastics, Ltd. On appeal, the defendant claims that the court erred in awarding attorney's fees because (1) there had been no hearing as to the form of the judgment or the limitation of time for redemption as required by General Statutes § 52-249 (a);[1] and (2) the plaintiff failed to present a statement of the fees requested and services rendered at the time of the trial. We disagree that the award of attorney's fees was improper. Accordingly, we affirm the judgment of the trial court.

The following procedural history is relevant to the resolution of the issues on appeal. On April 9, 2014, the plaintiff filed this action seeking to foreclose a judgment lien in the amount of $139,800.93 and costs of $444. The plaintiff filed an amended complaint dated May 28, 2014. The matter was scheduled for trial on February 23, 2016. Although the trial did not go forward on that date, counsel premarked certain exhibits and evidence was rescheduled to begin the following day, February 24, 2016. On the afternoon of February 24, counsel for both parties appeared before the court, *Agati*, *J.*, and at that time the plaintiff's counsel informed the court that the parties had stipulations that they wanted to put on the record. Before turning to the stipulations, the plaintiff's counsel requested to have fourteen exhibits, which had been premarked the day before, moved into evidence as full exhibits.

The plaintiff's counsel then informed the court of the stipulations reached by the parties. He first represented that the parties had stipulated to the debt in the amount of $171,701.01, which accounted for interest as of that date and a credit to the defendant. He then stated that the parties stipulated that at the time of the deficiency judgment hearing, the interest would be updated to the relevant date at a rate of 10 percent. Third, the plaintiff's counsel noted the parties' stipulation that "the plaintiff . . . is entitled to reasonable attorney's fees in connection with this prosecution . . . in an amount to be determined at a hearing before this court if necessary, such hearing to take place sometime between today and the date of the deficiency hearing . . . ." The parties also agreed that the plaintiff would be due an appraisal fee of $1000. Lastly, the plaintiff's counsel represented that the parties had stipulated that a judgment of strict foreclosure would enter in favor of the plaintiff, to become effective on February 29, 2016, with a law day of June 29, 2016. The court inquired as to whether the parties had anything further to add to the hearing, to which the defendant's counsel replied: "Yes, Your Honor . . . . That . . . accurately states our agreement. I want to just add two additional points

maybe by way of clarification. Mr. Ibar is very interested in having a hearing, an opportunity for a hearing on the attorney's fees, so . . . we would at some point be requesting that before the deficiency date enters so there is definitely some interest in determining what is reasonable; so that issue is still in play, understanding the plaintiff is making a claim for attorney's fees and there's a statutory basis for that, but, nonetheless, we hope to challenge what is reasonable." The court inquired of the plaintiff's counsel: "I assume you're going to provide them with some amount of attorney's fees that you are going to be claiming?" The plaintiff's counsel replied: "We will present the amount we are claiming. Counsel and I will make an effort to work that out by agreement, if we are unable to do so, we will contact the court." The court suggested that the attorney's fees calculation issue could be scheduled on a short calendar day, and the defendant's counsel responded, "[t]hat's fine," and also stated that the parties would stay in communication with the court if a hearing was needed.

After addressing a few outstanding issues, the court noted that representatives of the plaintiff were present in the courtroom and inquired of the plaintiff's counsel whether the plaintiff had authorized him to enter into the agreement just placed on the record. The plaintiff's counsel responded that he did have authority, and the defendant's counsel represented that he had been in telephone and e-mail communication with the defendant, and that he also had authority to enter into the agreement. The court, noting that there had been an appraisal, then inquired whether the parties were stipulating to the fair market value of the property. The parties did not stipulate to the fair market value, the appraisal was entered into evidence, and the court then found the value of the property to be $515,000. The court told the parties to "let me know in the meantime on the scheduling of the attorney's fee issues," and concluded the matter. The court rendered a judgment of strict foreclosure on February 29, 2016, and set the law day for June 29, 2016.

On May 6, 2016, the plaintiff filed a motion for attorney's fees and costs pursuant to § 52-249. The plaintiff also filed an affidavit accompanied by copies of billing records, biographies of the attorneys who had worked on the matter, and a spreadsheet organizing the time entries from the billing records. The defendant, citing *Smith* v. *Snyder*, 267 Conn. 456, 839 A.2d 589 (2004), objected on the ground that the plaintiff's claim for attorney's fees was "barred by its failure to present evidence concerning those fees at trial." In the alternative, the defendant argued that the fees claimed were excessive. On July 8, 2016, the plaintiff filed a supplemental affidavit, seeking a total award of fees and costs in the amount of $279,890.77.[2] On July 13, 2016, the defendant, citing *Burns* v. *Adler*, 158 Conn. App. 766,

807–808, 120 A.3d 555 (2015), rev'd in part, 325 Conn. 14, 155 A.3d 1223 (2017), filed a supplemental objection, arguing that the statutory requirements of § 52-249 had not been met because the court did not conduct a hearing as to the form of the judgment and the time for redemption. The plaintiff replied that a hearing had been held as to the form of the judgment and that the defendant had stipulated to the plaintiff's entitlement to attorney's fees, with only the reasonableness of the fees left to be decided.

After a hearing on July 11 and 13, 2016, the court issued an order on August 1, 2016, granting the plaintiff's motion for attorney's fees. The court found that the plaintiff was entitled to reasonable attorney's fees pursuant to § 52-249. The court multiplied 125 hours by the blended rate of $411 per hour to arrive at a reasonable attorney's fees award of $51,375. The court also awarded costs in the amount of $6799.77 for a total award of $58,174.77. This appeal followed.[3]

## I

On appeal, the defendant first claims that the court erred in awarding attorney's fees to the plaintiff pursuant to § 52-249 because the court had not conducted a hearing as to the form of judgment or the limitation of time for redemption as required by § 52-249. He argues that "[w]hile the statute is far from clear on this particular point, in light of the holding in *Burns* . . . the proper reading of the statute requires [the] defendant to contest the form of the judgment or the manner of foreclosure for [the] plaintiff to recover its attorney's fees." We conclude that the statutory hearing requirement was satisfied.

We begin by setting forth our standard of review and relevant legal principles. "Connecticut adheres to the American rule regarding attorney's fees under which successful parties are not entitled to recover attorney's fees in the absence of statutory or contractual authority to the contrary. . . . Thus, a specific contractual term may provide for the recovery of attorney's fees and costs . . . or a *statute* may confer such rights." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Clem Martone Construction, LLC* v. *DePino*, 145 Conn. App. 316, 326–27, 77 A.3d 760, cert. denied, 310 Conn. 947, 80 A.3d 906 (2013). Section 52-249 (a) provides, in relevant part, that "[t]he plaintiff in any action of foreclosure of a mortgage or lien, upon obtaining judgment of foreclosure, when there has been a hearing as to the form of judgment or the limitation of time for redemption, shall be allowed the same costs, including a reasonable attorney's fee, as if there had been a hearing on an issue of fact. . . ." "The question of whether a particular statute . . . applies to a given state of facts is a question of statutory interpretation . . . . Statutory interpretation presents a question of law for the court. . . . Our review is, therefore, ple-

nary." (Internal quotation marks omitted.) *Russo Roofing, Inc.* v. *Rottman*, 86 Conn. App. 767, 775, 863 A.2d 713 (2005).

We next consider the meaning of the term "hearing." This court has consistently "acknowledged the definition of a hearing provided in Black's Law Dictionary, as [a] proceeding of relative formality . . . generally public, with definite issues of fact or of law to be tried, in which witnesses are heard and evidence presented, and in which parties to a dispute have a right to be heard. . . . Our Supreme Court has stated that [a] hearing can be a proceeding in the nature of a trial with the presentation of evidence, it can be merely for the purpose of presenting arguments, or, of course, it can be a combination of the two." (Citation omitted; internal quotation marks omitted.) *Reyes* v. *Bridgeport*, 134 Conn. App. 422, 427–28, 39 A.3d 771 (2012).

This court also has recognized that "[n]ot only does a hearing normally connote an adversarial setting, but usually it can be said that it is any oral proceeding before a tribunal." (Internal quotation marks omitted.) Id., 428. The term has further been described as "capable of considerable broadness"; *Kendall* v. *Commissioner of Correction*, 162 Conn. App. 23, 38, 130 A.3d 268 (2015); and "a verbal coat of many colors." (Internal quotation marks omitted.) *Willimantic Car Wash, Inc.* v. *Zoning Board of Appeals*, 247 Conn. 732, 738, 724 A.2d 1108 (1999).

The defendant relies primarily upon *Burns* v. *Adler*, supra, 158 Conn. App. 766, in support of his contention that the hearing requirement has not been met in the present case because the parties stipulated to the amount of the debt, the judgment of strict foreclosure, and the law day. *Burns* involved a foreclosure of a mechanic's lien on the defendant's property. Id., 768. In the present case, the parties stipulated to the debt owed in the amount of $214,039.09, that the fair market value of the defendant's interest in the property was greater than $500,000, that a judgment of strict foreclosure should enter with a law day of August 14, 2012, to the plaintiff's entitlement to a title search fee in the amount of $225, that the plaintiff was not entitled to an appraisal fee, and "that the issue of the plaintiff's right to attorney's fees [was] left for the court to resolve." (Internal quotation marks omitted.) Id., 790.

Thus, the only issue remaining for the court in *Burns* to resolve after approving the stipulation was the plaintiff's entitlement to statutory attorney's fees pursuant to § 52-249 (a). Id., 790. The trial court explained that the statute permitted an award of attorney's fees only when there has been a hearing on the mechanic's lien and concluded that because there had been no hearing, the plaintiff was not entitled to attorney's fees. Id., 806. This court affirmed the judgment, noting that the parties had "stipulated that there would not be a hearing on the

terms of the judgment of foreclosure of the mechanic's lien." Id., 807. The stipulation was "submitted to, and approved by, the court without a hearing." Id.

We conclude that *Burns* is distinguishable and that the proceeding held on February 24, 2016, constituted a hearing within the meaning of § 52-249 (a). In the present case, exhibits were entered into evidence and counsel for both parties had the opportunity to address the court. Unlike the parties in *Burns*, the parties did not stipulate to the fair market value of the property, and, accordingly, they submitted the question to the court for decision. Although neither party in this matter sought foreclosure by sale, this court has explained that "[t]he determination of value is a major factor in the decision whether to allow a foreclosure by sale rather than a strict foreclosure." (Internal quotation marks omitted.) *SKW Real Estate Ltd. Partnership* v. *Mitsubishi Motor Sales of America, Inc.*, 56 Conn. App. 1, 7, 741 A.2d 4 (1999), cert. denied, 252 Conn. 931, 746 A.2d 793 (2000). In the present case, to assist the court in deciding the fair market value, the plaintiff entered into evidence the property appraisal. The court then made a factual finding as to the fair market value of the property.[4] Under these circumstances, we conclude that the proceeding satisfied the requirement found in § 52-249 (a) that a hearing be held as to the form of the judgment. Thus, the court had authority pursuant to § 52-249 (a) to award attorney's fees and costs.[5]

II

The defendant next claims that the court erred in awarding attorney's fees to the plaintiff because, at the time of the trial, the plaintiff failed to present a statement of the fees requested and a description of the services rendered. The plaintiff claims that the defendant waived this claim when, during the February 24 hearing, he agreed to consideration of the question of attorney's fees at a later date. We agree with the plaintiff.

We review a trial court's rulings as to attorney's fees for an abuse of discretion. *Landry* v. *Spitz*, 102 Conn. App. 34, 59, 925 A.2d 334 (2007). "Under the abuse of discretion standard of review, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Thus, our] review of such rulings is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion that it did." (Internal quotation marks omitted.) Id.

The defendant relies solely upon *Smith* v. *Snyder*, 267 Conn. 456, 839 A.2d 589 (2004), in support of his claim. In *Smith*, our Supreme Court held that "when a court is presented with a claim for attorney's fees, the proponent must present to the court at the time of trial

. . . a statement of the fees requested and a description of services rendered. Such a rule leaves no doubt about the burden on the party claiming attorney's fees and affords the opposing party an opportunity to challenge the amount requested at the appropriate time. . . . Parties must supply the court with a description of the nature and extent of the fees sought, to which the court may apply its knowledge and experience in determining the reasonableness of the fees requested." (Footnotes omitted.) Id., 479. In *Smith*, our Supreme Court affirmed the award of attorney's fees on the ground that the defendants had not opposed the plaintiff's request for fees. Id., 480. Our Supreme Court explained that had the defendants objected to the request, the trial court would have been required to provide the defendants an opportunity to be heard on that issue. Id., 481. Because the defendants failed to object and consequently "effectively acquiesced in that request," they could not challenge the award on appeal. Id.

It is well established that "[w]hen a party consents to or expresses satisfaction with an issue at trial, claims arising from that issue are deemed waived and may not be reviewed on appeal."[6] (Internal quotation marks omitted.) *Bohonnon Law Firm, LLC* v. *Baxter*, 131 Conn. App. 371, 387, 27 A.3d 384, cert. denied, 303 Conn. 902, 31 A.3d 1177 (2011). In *Bohonnon Law Firm, LLC*, the defendant claimed on appeal that the trial court had improperly awarded attorney's fees to the plaintiff. Id., 383. Specifically, he claimed that the court erred when it precluded him from cross-examining the plaintiff's counsel concerning his affidavit of attorney's fees. Id., 383–84. During the hearing on damages, however, the defendant's counsel told the court: "I don't think that he is going to have to testify to [the affidavit]." Id., 384. The defendant did not claim that testimony was required until after his request for a continuance was denied, at which time the court advised him that the hearing was over. Id., 386. On appeal, this court concluded that he had expressly waived the issue. Id., 384, 386–87; see also *Atlantic Mortgage & Investment Corp.* v. *Stephenson*, 86 Conn. App. 126, 135–37, 860 A.2d 751 (2004) (rejecting defendants' claim that the court could not have assessed the reasonableness of fees because of improperly admitted hearsay documents, agreeing with the plaintiff that the defendants had stipulated that testimony beyond an affidavit was unnecessary).

As in *Bohonnon Law Firm, LLC*, we conclude that the defendant waived his challenge pursuant to *Smith*. First, not only was the defendant on notice at the time of the February 24, 2016 hearing that the plaintiff was seeking attorney's fees, but his counsel expressly agreed on that date to adjudicate the reasonableness of the plaintiff's request for attorney's fees at a subsequent hearing. In his brief to this court, the defendant concedes that he "agreed to consideration of the question of attorney's fees at a later date . . . ." Second, the

stipulation presented to the court on February 24 included recognition that the attorney's fees, to which the plaintiff was entitled, would be in "an amount to be determined at a hearing before this court if necessary, such hearing to take place sometime between today and the date of the deficiency hearing . . . ." Third, after the plaintiff's counsel represented, in response to a question from the court, that he would present the amount of fees claimed, presumably at a later date, the defendant's counsel did not object, nor did he insist on a presentation at that time of the fees requested and a description of services rendered. When the plaintiff's counsel represented that the parties would contact the court if they were unable to agree and the court suggested it could be heard on short calendar day, the defendant's counsel responded, "[t]hat's fine."[7] Because the defendant expressly consented to these procedures, we conclude that he has waived any challenge to the plaintiff's claimed failure to produce a statement of fees requested and services rendered at the time of the February 24, 2016 hearing.

Although we decide the claim on the ground that the defendant waived his objection, we note that the defendant subsequently was afforded ample opportunity to challenge the reasonableness of the fees requested, which was the concern underlying the rule expressed in *Smith*. See *Smith* v. *Snyder*, supra, 267 Conn. 479 ("[s]uch a rule . . . affords the opposing party an opportunity to challenge the amount requested at the appropriate time"). The plaintiff filed an affidavit of attorney's fees accompanied by copies of billing records, biographies of the attorneys who worked on the matter, and a spreadsheet organizing the time entries from the billing records. The court held a hearing over two days, during which the parties submitted evidence and presented argument to the court. On appeal, the defendant does not challenge the reasonableness of the fees awarded.

The judgment is affirmed and the case is remanded for the purpose of setting a new law day.

In this opinion the other judges concurred.

[1] General Statutes § 52-249 (a) provides: "The plaintiff in any action of foreclosure of a mortgage or lien, upon obtaining judgment of foreclosure, when there has been a hearing as to the form of judgment or the limitation of time for redemption, shall be allowed the same costs, including a reasonable attorney's fee, as if there had been a hearing on an issue of fact. The same costs and fees shall be recoverable as part of the judgment in any action upon a bond which has been substituted for a mechanic's lien."

[2] At the time the plaintiff filed its motion for attorney's fees, the foreclosure had been pending for over two years, and the court record included discovery practice, briefing on multiple motions, including the defendant's motion to dismiss, and pretrial submissions. The court, in its order granting the plaintiff's motion for attorney's fees, noted that a review of the court record showed that the defendant had "vigorously defend[ed]" the case, and that the "case was scheduled to proceed as a contested trial until the day of commencement of evidence . . . ."

[3] The plaintiff filed a cross appeal, which it subsequently withdrew.

[4] General Statutes § 52-249 (a) provides for attorney's fees in the event a hearing is held "as to the form of judgment or the limitation of time for

redemption . . . as if there had been a hearing on an issue of fact." We note that in making a finding as to the fair market value of the property, the court clearly decided an issue of fact on the basis of evidence presented during the February 24 hearing.

[5] We note that the defendant's counsel represented to the court that he recognized that statutory authority for an award of attorney's fees existed when he stated during the February 24 hearing that "the plaintiff is making a claim for attorney's fees and there's a statutory basis for that, but, nonetheless, we hope to challenge what is reasonable."

[6] Similarly, where a party fails to object to a request for attorney's fees, that party is deemed to have waived its objection. See *Florian* v. *Lenge*, 91 Conn. App. 268, 286, 880 A.2d 985 (2005) ("The defendant was not prevented from raising an objection [to the plaintiff's request for attorney's fees] but instead waived that claim by failing to object. By failing to object, the defendant effectively acquiesced in that request."); *Avery* v. *Medina*, 174 Conn. App. 507, 524, 163 A.3d 1271, ("[a]n appellate court will not reverse an award of attorney's fees if the defendants fail to object to a bare request for attorney's fees"), cert. denied, 327 Conn. 927, 171 A.3d 61 (2017).

[7] Months later, after the plaintiff filed its motion for attorney's fees, the defendant changed his position and claimed that the plaintiff was barred from claiming attorney's fees on the ground that it had failed to present a statement of the fees requested at the time of trial.